UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND, DIVISION

| | |
|---|---|
| STEPHANIE MCKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-cv-310-TLS-JPK |
| v. | ) |
| | ) |
| THE METHODIST HOSPITALS, INC., LIFE INSURANCE COMPANY OF NORTH AMERICA, and CIGNA, | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS REGARDING THE PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE JURY DEMAND**

Now Come Defendants LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and Cigna[1], by and through counsel, Hinshaw & Culbertson LLP, in support of their Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and Motion to Strike Jury Demand, state as follows:

**INTRODUCTION**

In her Complaint, Plaintiff alleges that this litigation is brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq., ("ERISA"). Plaintiff further asserts that she is entitled to accidental death benefits under an employee benefit plan sponsored by codefendant The Methodist Hospitals, Inc. ("Methodist") as a result of the death of her husband.

---

[1] "Cigna" is not a legal entity and therefore service of process was never accomplished on the same. LINA denies that "Cigna," played any role in the denial of the plaintiff's claim for accidental death benefits under the group accident policy and employee welfare benefit plan that are at issue in this action. "Cigna®" is a registered service mark of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its subsidiaries. Cigna Corporation is a holding company and is not an insurance or an operating company. Therefore, products and services are provided exclusively by subsidiaries and not by Cigna Corporation.

She claims that the accidental death benefit under the plan was insured by LINA. Any claim brought to enforce Plaintiff's rights under the plan must be brought pursuant to ERISA and all state court claims are preempted by ERISA and must be dismissed as a matter of law. Plaintiff's jury demand should also be stricken as jury trials are not permitted under ERISA. Last, any claims for breach of fiduciary duty under ERISA §502(a)(2), 29 U.S.C. § 1132(a)(2), must also be dismissed because § 1132(a)(2) only provides a for a claim to recover losses to a plan as a whole, while Stephanie instead alleges injury to herself as an individual plan member.

## FACTS

In her Complaint, Plaintiff alleges that while her husband was employed with Methodist, he had accidental death insurance coverage under the plan and that benefit was insured through an accidental death policies issued by LINA. (Complaint, ¶3, 8, 9) She claims that LINA issued policies OK-968713 and OK-968714 under which Methodist was a subscriber Plaintiff further claims that she was the intended beneficiary of those benefits. (Complaint, ¶¶9-10)

The Complaint states that Plaintiff's husband died as a result of being struck in the head by a prematurely exploding firework, and that the death was ruled accidental by the County Coroner. (Complaint, ¶¶22(a) and (b)). Plaintiff filed a claim for benefits in the amount of $345,00[0.00] (Complaint, ¶11) and that the claim was denied. (Complaint, ¶¶ 13, 15, 19) Stephanie further alleges that :

> 44. That Cigna is a fiduciary to The Methodist Hospitals, Inc. ERISA plan, of which Scott McKee was a covered participant.
>
> 45. That, as a fiduciary to The Methodist Hospitals, Inc. ERISA plan, Cigna has a legal obligation to act solely for the benefit and best interests of the Plan and its participants with respect to decisions regarding payment of benefits governed by the Plan.

46. That Cigna has breached its fiduciary duty to the Plan and to its participants by improperly making conclusions to deny benefits without supporting facts or evidence and by the knowing and intentional misapplication of Indiana statutes.

47. That, by making unsupported conclusions denying life benefits to Stephanie McKee, Cigna is conflicted and has breached its fiduciary duty to the Plan and its participants by reaping the economic benefit to Cigna of not paying approximately $345,000 of life benefits.

48. That Cigna's actions in denying the payment of these life benefits based on Cigna conclusions unsupported by facts or evidence constitutes a conscious tortious wrongdoing by Cigna which violates the legal requirement that an insurer act in good faith and fair dealing with respect to policy insureds.

49. That Cigna has breached its contractual duty and obligation to pay the life benefits coverage under these policies to their designated beneficiary Stephanie McKee.

(Complaint, ¶¶ 44-49) Stephanie also demands a trial by jury.

## LEGAL ARGUMENT

**A,    Plaintiff's State Law Claims are Pre-empted by ERISA, and her Jury Demand Should be Stricken**

Pursuant to ERISA's preemption clause, "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan …" 29 U.S.C. § 1144(a). Further, this preemption provision has been determined by the United States Supreme Court to be deliberately expansive. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). *See also*, *Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141, 146 (2001) (preemption of state law "clearly expansive"). The Supreme Court has held that "state law relates to an ERISA plan "if it has a connection with or reference to such a plan."" *Egelhoff* at *Id.*, quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). As such, a suit claiming benefits under an ERISA plan may only be brought under ERISA "and parallel State law remedies are preempted." *Rud v. Liberty Life Assurance Co. of Boston*, 438 F.3d 772, 777 (7th Cir. 2006); *Payne v. Pentegra Retirement Srvs.*, 2015 WL 898467 at *7 (S.D. Ind).

3

There is no dispute that Plaintiff's claims are governed by ERISA as she so pleads in her Complaint. (Complaint, ¶1) Thus, her state law claims are preempted, including any breach of contract claim and breach of the duty of good faith and fair dealing claim.

The facts of this case are similar to decision in the Southern District of Indiana. In *Payne, supra*, the plaintiff asserted a claim for retirement benefits in the form of state law claims sounding in promissory estoppel, breach of fiduciary duty, negligence, breach of contract, and breach of the duty to exercise good faith. The defendant there asserted that all these claims were preempted by ERISA. The court ultimately agreed, citing the above authority that all of these state law theories were preempted by ERISA. *Payne* at *8 – 9. Other courts have held similarly in other cases. *Hughes v. Life Ins. Co. of North Am.*, 112 F.Supp.2d 780, 781 (S.D. Ind. 2000) (plaintiff's state law claim for benefits alleging breach of the implied duty of good faith and fair dealing, and in which consequential and punitive damages were sought, preempted by ERISA); *Reber v. Provident Life and Accident Ins. Co.*, 93 F.Supp.2d 995, 1010 (S.D. Ind. 2000) (claim for disability benefits alleging breach of contract and bad faith preempted by ERISA); *Bland v. Atlas Van Lines, Inc.*, 761 F.Supp. 82 (S.D. Ind. 1989) (breach of contract claim preempted); *Tinsley v. General Motors Corp.*, 622 F.Supp. 1547 (N.D. Ind. 1985) (breach of contract claim preempted)  Thus, to the extent that Plaintiff here has pleaded state law claims those claims should be dismissed.

In addition, Plaintiff is not entitled to a jury trial. *Mathews v. Sears Pension Plan*, 144 F.3d 461 (7th Cir. 1998) (no right to a jury trial in an ERISA case). Thus, the jury demand should be stricken.

**B. Plaintiff's Breach of Fiduciary Claims Must be Dismissed as Plaintiff's Complaint does not Request Plan Wide Relief under Section 1109(a)**

ERISA's enforcement provision, 29 U.S.C. 1132, specifically provides as follows:

(a) Persons empowered to bring a civil action

A civil action may be brought—
> (1) by a participant or beneficiary—
>> (A) for the relief provided for in subsection (c) of this section, or
>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary
>> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
>> (B) to obtain other appropriate equitable relief
>>> (i) to redress such violations or
>>> (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. 1109(a), the section incorporated and enforced under Section 1132(a)(2), provides:

> **(a)** Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any **losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary**, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title. (emphasis added).

As the above emphasized language reflects, Section 1109(a) of ERISA requires that the plan itself must suffer a loss before anyone, including a plan participant, may bring a claim under Section 1132(a)(2). Further, the Seventh Circuit has held that "a causal connection is required between the breach of fiduciary duty and the losses incurred by **the plan**." (emphasis added) *Brant v. Grounds*, 687 F.2d 895, 898 (7th Cir. 1982).

The Supreme Court had addressed the remedies available under Section 1139(a)(2) as it relates to the fiduciary misconduct identified in Section 1109(a). *LaRue v. DeWolff, Boberg & Associates, Inc.*, 128 S.Ct. 1020 (2008). Citing and quoting prior Supreme Court precedent, the Court noted that the principal duties imposed on fiduciaries under section **1109(a)** relate to the proper management, administration, and investment of fund assets, and that section 1109(a)'s

5

fiduciary obligations "relat[e] to the plan's financial integrity" and "reflec[t] a special congressional concern about plan asset management" *LaRue* at 1024, quoting *Varity Corp v. Howe*, 116 S.Ct. 1065, 1077 (1996). See also *Massachusetts Mut. Life Ins. Co. v. Russell*, 105 S.Ct. 3085, 3090 (1985)("A fair contextual reading of [section1109(a)] makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.") The *LaRue* court confirmed the Supreme Court's prior holdings that section 502(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries." *LaRue* at 1026.

Here, Plaintiff has failed to allege any loss sustained by the Plan as a result of the Defendants' actions. LINA is not alleged to have managed or invested any assets of the Plan in the same manner as that of a fiduciary of a pension plan. Instead, it was merely acting as a claims manager for the plan with respect to insured accidental death benefits. Therefore, the only losses or damages Plaintiff seeks are losses that she (not the Plan) sustained. Since the Complaint is devoid of any allegations that LINA caused the Plan to sustain a loss, it is clear that the breach of fiduciary duty claim is merely a disguised and duplicative benefits claim which can only be brought under Section 1132(a)(1)(B).

Judge Young from the Southern District had found that a plaintiff had an adequate remedy to obtain accidental death benefits pursuant to Section 1132(a)(1)(B), such that her claim for relief under Section 1132(a)(3) should be dismissed as a matter of law. *Renee James v. Life Insurance Company of North America et al*, 3:08-00056-RLY-WGH (Order dated February 27, 2009). Like the Plaintiff in the present case, the plaintiff in *James* argued that the denial of benefits to her

constituted a breach of fiduciary duty. However, the Court rejected this claim, finding that the plaintiff was seeking individual relief as to her own claims.

Finally, Chief Judge McKinney of the Southern District considered some of the same arguments in the case of *Steven Bandak v. Eli Lilly Company, et al,.* 106 CV 1622-LJM-JMS. In *Bendak*, the plaintiff's complaint presented a claim for benefits pursuant to 29 U.S.C. §1132(a)(1)(B) and (a)(3)(A). He was claiming that the Plan improperly calculated his retirement benefits, and that any such same miscalculation would affect other plan participants in the future.

In that case, Judge McKinney held that:

> *Bandak* has not filed a class action, nor is he seeking to bring a class action on behalf of other plan participants under any other section. Indeed, *Bandak* has not sought relief on behalf of the Plan under subsection (a)(2) for breach of fiduciary duty. Even if *Bandak* were attempting to bring a class action, it is not clear that he would have standing to do so given that he would be barred from bringing a claim under Section (a)(3) for himself. Likewise, it is clear that any claim that a putative class member would have would be barred because each member would have a potential, and appropriate, remedy available under subsection (a)(1). Similarly, Bandak has a potential remedy available under subsection (a)(1), and it is upon that section that he must rely if he is to obtain any relief.

(Order dated September 10, 2007).

The actual Complaint allegations which purportedly support Plaintiff's breach of fiduciary duty claim readily reveal that this case is all about her own benefits and not any harm LINA caused to the plan. The sole basis for Plaintiff's breach of fiduciary duty claim is the decision to deny her claim for benefits. In other words, the alleged harm is to Plaintiff—not the Plan. The only harm or loss which can be alleged to be caused by the claim decision is the loss of accidental death benefits to Plaintiff—the remedy for which would be payment of such benefits. The breach of fiduciary duty claim therefore is wholly duplicative of Plaintiff's claim for wrongful denial of accidental death benefits, and it should be dismissed.

Here, Plaintiff clearly has an adequate remedy under § 1132(a)(1)(B) for the purpose of challenging the denial of accidental death benefits. As such, she may not bring an additional cause of action for breach of fiduciary duty, and any claim alleging that theory in her Complaint must be dismissed as a matter of law.

## **CONCLUSION**

For the above reasons, Plaintiff's claims for breach of the duty of good faith and fair dealing, breach of contract, and breach of fiduciary should be dismissed. Further, her jury demand should also be stricken.

HINSHAW & CULBERTSON LLP

By: /s/ *Jennifer Kalas*
Jennifer Kalas (17396-64)
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
Phone No.: 219-864-5051
Fax No. 219-864-5052
jkalas@hinshawlaw.com

/s/ *Daniel K. Ryan*
Daniel K. Ryan (6196616)
Hinshaw & Culbertson LLP
151 N Franklin Street, Suite 2500
Chicago, IL 60606
dryan@hinshawlaw.com

1034052\306433786.v1